Benito Ovidio VICENTE–
MEJIA, Petitioner,

v.

Eric H. HOLDER, Jr., Attorney
General, Respondent.

No. 10–73514.

United States Court of Appeals,
Ninth Circuit.

Submitted April 7, 2015.*

Filed April 17, 2015.

Gloria Lopez, Law Office of Gloria Lopez, San Francisco, CA, for Petitioner.

Chief Counsel Ice, Office of the Chief
Counsel Department of Homeland Securi-

---

* The panel unanimously concludes this case is
suitable for decision without oral argument.
*See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

* The panel unanimously concludes this case is
suitable for decision without oral argument.
*See* Fed. R.App. P. 34(a)(2).

ty, San Francisco, CA, OIL, Edward Earl Wiggers, Esquire, DOJ–U.S. Department Of Justice, Washington, DC, for Respondent.

Before: FISHER, TALLMAN, and NGUYEN, Circuit Judges.

### MEMORANDUM **

Benito Ovidio Vicente–Mejia, a native and citizen of Guatemala, petitions for review of the Board of Immigration Appeals' order dismissing his appeal from an immigration judge's decision denying his application for asylum and withholding of removal. We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings, *Wakkary v. Holder,* 558 F.3d 1049, 1056 (9th Cir.2009), and we deny the petition for review.

Vicente–Mejia argued to the agency that he established past persecution at the hands of guerillas and his neighbor and a fear of future persecution from gangs on account of his membership in a particular social group. Substantial evidence supports the agency's finding that Vicente–Mejia failed to establish past persecution or a well-founded fear of future harm on account of a protected ground. *See INS v. Elias–Zacarias,* 502 U.S. 478, 482–83, 112 S.Ct. 812, 117 L.Ed.2d 38 (1992); *see also Zetino v. Holder,* 622 F.3d 1007, 1016 (9th Cir.2010) ("An alien's desire to be free from harassment by criminals motivated by theft or random violence by gang members bears no nexus to a protected ground."). Thus, Vicente–Mejia's claims for asylum and withholding of removal fail.

### PETITION FOR REVIEW DENIED.

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).